ORIGINAL

ACHOUR BOUGUERNE[1]
A98-950-259
ICE El Centro Detention Center
1115 N. Imperial Ave.
El Centro, CA 92243

FILED

2008 JAN 15 PM 3:39

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACHOUR BOUGUERNE, [A98-950-259], Petitioner, v. MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ROBERT G. RILLAMAS, OFFICER-IN-CHARGE, Respondents. | Civil Action No. **'08 CV 0091 WQH NLS** PETITION FOR WRIT OF HABEAS CORPUS [28 U.S.C. § 2241] |

I.

INTRODUCTION

The petitioner, Achour Bouguerne, respectfully petitions this Court for a writ of habeas corpus to remedy his unlawful detention.

---

[1] The petitioner is filing this petition for a writ of habeas corpus with the assistance of James Fife and the Federal Defenders of San Diego, Inc., who drafted the instant petition. That same counsel also assisted the petitioner in preparing and submitting his request for the appointment of counsel. Robin Baker is the director of the San Diego field office of U.S. Immigration and Customs Enforcement. He administers federal immigration laws on behalf of the Secretary of Homeland Security in the federal judicial district for the Southern District of California. In Mr. Baker's capacity as the director of the local office of U.S. Immigration and Customs Enforcement, he has immediate control and custody over the petitioner. Mr. Rillamas is the assistant field office director and officer in charge of the detention facility holding the petitioner.

Petitioner is in the custody of the Secretary of the Department of Homeland Security and the Attorney General of the United States and their employees (hereinafter "respondents"). He is detained under respondents' behest and supervision at the immigration detention facility in El Centro, California, under the control of the officer in charge.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241(c)(1) and (3), and U.S. Const. art. I., § 9, cl. 2, because the petitioner is being unlawfully detained as a result of U.S. Immigration and Customs Enforcement's misunderstanding of the provisions of 8 U.S.C. § 1231(a)(6). See Zadvydas v. Davis, 533 U.S. 678, 686-90 (2001). Moreover, his detention violates the Constitution, the laws, and the treaties of the United States. See Magana-Pizano v. INS, 200 F.3d 603, 610 (9th Cir. 2000); Goncalves v. Reno, 144 F.3d 110, 123 (1st Cir. 1998). Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482-83 (1999), makes clear that the petitioner's habeas petition is not barred by 8 U.S.C. § 1252(g).

Venue is proper in this district because the petitioner is detained here. See 28 U.S.C. § 2241, et. seq., and 28 U.S.C. § 1391(e).

## III.

## BACKGROUND

The petitioner is an Algerian national. He has been ordered removed by the respondents under 8 U.S.C. § 1182(a)(6)(A)(i) for entering the United States without permission. However, respondents have been unsuccessful for **nine months** in obtaining travel documents allowing petitioner to be returned to Algeria. Since petitioner cannot be removed to his destination country or any other alternate country, he is being held by the respondents based upon a misconstrual of their statutory authority to detain indefinitely non-removable

aliens under 8 U.S.C. § 1231(a)(6) and in violation of the Supreme Court's holding in <u>Zadvydas</u>.

The petitioner was born in Algeria on June 24, 1963. He came to the United States in 1995, when he was 32 years old. He came to this country after living two years in France and two years in Canada.

The petitioner was taken into custody on May 4, 2006, attempting to enter the United States from Mexico. He was detained by ICE authorities and held in custody **over ten months without appearing before an immigration judge**. He was eventually ordered removed to Algeria on March 5, 2007. Petitioner waived appeal. His order of removal therefore became final as of that date. <u>See</u> 8 C.F.R. § 1241.1(b) (removal order final if alien waives appeal).

Petitioner has been in the continuous custody of U.S. Immigration and Customs Enforcement ("ICE") **for over 19 months.** ICE conducted a Post-Order Custody review and decided on **June 14, 2007**, to continue detention, claiming petitioner was a flight risk. <u>See</u> Appendix A attached hereto. A subsequent review by the Headquarters Post-Order Custody Unit denied release on **September 19, 2007**, alleging that ICE was "currently working with the Embassy of Algeria to obtain travel documents" and that Algeria "regularly" allows repatriation. <u>See</u> Appendix B attached hereto. However, despite the respondents' conclusory assertions, ICE has been unable to obtain documents for over **ten months**, in excess of the period deemed presumptively reasonable for removal by the Supreme Court in <u>Zadvydas</u>. Thus, petitioner remains in custody, although there is **no significant likelihood he can be removed** by ICE to his ordered destination or any alternative destination in the reasonably foreseeable future. Under <u>Zadvydas</u> and progeny, he must be released from custody on appropriate conditions of supervision.

///

///

///

///

IV.

**ARGUMENT**

**THIS COURT MUST RELEASE THE PETITIONER FROM THE CUSTODY OF THE RESPONDENTS UNDER APPROPRIATE CONDITIONS OF SUPERVISION.**

Federal law requires the Attorney General to remove a deportable alien from the United States within a ninety-day period after an immigration judge's order of removal becomes administratively final. See 8 U.S.C. § 1231(a)(1); see also Ma v. Ashcroft, 257 F.3d 1095, 1104 (9th Cir. 2002). During the ninety-day removal period, the alien must be detained in custody. See 8 U.S.C. § 1231(a)(2).

If the Attorney General cannot remove the alien within the statutory removal period, the Attorney General can release the person in question under appropriate conditions of supervision, including regular appearances before an immigration officer, travel restrictions, and medical or psychiatric examinations, among other requirements. See Ma, 257 F.3d at 1104; see also 8 U.S.C. § 1231(a)(3) (listing the conditions of supervision for deportable or removable aliens released from immigration custody at the expiration of the ninety-day removal period). The Attorney General may detain a deportable or inadmissible alien beyond the ninety-day removal period, however, when he determines that the person in question would "be a risk to the community or unlikely to comply with the order of removal" if released from immigration custody. 8 U.S.C. § 1231(a)(6).

However, in Zadvydas, 533 U.S. at 689, the Supreme Court held that 8 U.S.C. § 1231(a)(6) only authorizes a period of detention that is reasonably necessary to bring about an alien's removal from the United States, and "does not permit indefinite detention." If a deportable alien has not been released from immigration custody within a six-month period after the issuance of a final order of removal, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." Id. at 699; see also Ma, 257 F.3d at 1102 n.5 (declaring that in Zadvydas, "the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of *six months* after a final order of removal–that is, *three months* after the statutory removal period has ended"). When a deportable alien "provides *good reason*

*to believe that there is no significant likelihood of removal in the reasonably foreseeable future*, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701 (emphasis added). Federal officials **must** release a deportable alien from custody under appropriate conditions of supervision when no "significant likelihood of removal [exists] in the reasonably foreseeable future." Id.; see also Clark v. Martinez, 543 U.S. 371, 379 (2005) (Zadvydas principles apply to inadmissible aliens); Ma, 257 F.3d at 1100 (concluding that federal law does not permit the Attorney General to hold someone "for more than a reasonable period" beyond the ninety-day statutory removal window, and mandates release of the alien under 8 U.S.C. § 1231(a)(3), when the alien "has already entered the United States and there is no reasonable likelihood that a foreign government will accept the alien's return in the reasonably foreseeable future").

The Zadvydas court erected a "presumptively reasonable" six-month detention period during which the federal government should attempt to accomplish all reasonably foreseeable removals pursuant to 8 U.S.C. § 1231. Zadvydas, 533 U.S. at 701; see also Martinez, 543 U.S. at 386; Ma, 257 F.3d at 1102 n.5. However, more broadly, Zadvydas held that a detainee cannot be held beyond a period "reasonably necessary" to accomplish his or her removal from the United States. Zadvydas, 533 U.S. at 699. When that removal is no longer foreseeable, the authority to detain is lost: "Consequently, interpreting the statute to avoid a serious constitutional threat, we conclude that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. See 1 E. Coke, Institutes *70b ('*Cessante ratione legis cessat ipse lex*') (the rationale of a legal rule no longer being applicable, the rule itself no longer applies)." Id.

The Petitioner has been detained in the custody of respondents since May 2006, **over 19 months**, and was ordered deported over **ten months ago**, in March 2007. Although ICE asserts in conclusory terms that removal to Algeria occurs "regularly," such sanguine claims cannot be accepted at face-value. Petitioner has spoken with embassy officials by telephone, and although he supplied them with a copy of his Algerian birth

5

certificate, the embassy has resisted repatriation. In the face of this failure to obtain permission after months of attempts, ICE's belief in imminent removal is groundless. Indeed, the Inspector General's February 2007 report on ICE's removal procedures found that ICE, in fact, "has no measurable standard for determining the likelihood that an alien can be removed to his or her country of origin." Office of the Inspector General, Dep't of Homeland Security, <u>ICE's Compliance with Detention Limits for Aliens with a Final Order of Removal from the United States</u> 9 (Feb. 2007). Moreover, the Inspector General found that ICE officials actually *resist* the compilation and maintenance of accurate statistics of removal rates. <u>See id.</u> at 38-39. Thus, any estimations by ICE of likelihood of removal are based more on wishful thinking than any concrete evidence that success is indeed "regular." In fact, the Inspector General also found, in cases where detainees sought habeas relief, that ICE still "rarely provides specific evidence to explain its significant likelihood determinations," "rarely provides specific estimates of the time required to obtain travel documents," and "rarely identifies additional measures it would need to secure the documents." <u>Id.</u> at 31. In general, deportees to African countries were almost as likely to remain in prolonged custody (47%) as be deported. Set against ICE's groundless assertions is the concrete fact of petitioner's prolonged detention, now well beyond the reasonable detention period established in <u>Zadvydas</u> and <u>Martinez</u>. Accordingly, release is mandated.

There is no likelihood that petitioner's destination country, or any reasonable alternative destination, will grant repatriation in the reasonably foreseeable future. <u>See</u> <u>Zadvydas</u>, 533 U.S. at 700; <u>see also</u> <u>Ma</u>, 257 F.3d at 1112 (holding that section 1231 mandates the release of deportable aliens "at the end of the presumptively reasonable detention period" when "there is no repatriation agreement and no demonstration of a reasonable likelihood that one will be entered into in the near future"). Therefore, the petitioner **must** be released under the conditions set out in §1231(a)(3). <u>See</u> <u>Zadvydas</u>, 533 U.S. at 700-01.

///
///

## V.

## **REQUESTED RELIEF**

The petitioner requests that this Court order the respondents to release him from custody under the conditions of supervision set forth in 8 U.S.C. §1231(a)(3).

## VI.

## **VERIFICATION**

I, Achour Bouguerne, hereby verify that the facts contained in the instant petition are true and correct.

Respectfully submitted,

Dated: 1-9-08

_____
**ACHOUR BOUGUERNE**
Petitioner

# Appendix A

Case 3:08-cv-00091-WQH-NLS   Document 1   Filed 01/15/2008   Page 8 of 13

Office of Detention and Removal Operations
San Diego Field Office

U.S. Department of Homeland Security
880 Front Street
San Diego, CA 92101



**U.S. Immigration and Customs Enforcement**



BOUGUERNE, Achour
C/O El Centro Service Processing Facility
1115 N. Imperial Avenue
El Centro, CA 92243

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You have been ordered removed to the country of Algeria by an Immigration Judge. You have failed to demonstrate that you will not pose a flight risk, due to the fact that you do not have any close family or community ties in the United States. You do not have any vocational training or extensive experience in any field. The Agency believes that you would be burden on the United States if released. You removal to Algeria is foreseen in the near future. Based on the aforementioned, you are considered a threat to the community pursuant to 8 CFR 241.14. Therefore, it is in the best interest of the Agency that you remain in continued detention until your removal is effected.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the Unites States by September 05, 2007, jurisdiction of the custody decision in your case will be transferred to Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____          6/14/7
Robert Culley, Deputy Field Office Director, San Diego, CA          Date

# Appendix B

Office of Detention and Removal Operations

U.S. Department of Homeland Security
801 I Street, NW
Washington, DC 20536



# U.S. Immigration and Customs Enforcement

BOUGUERNE, Achour
C/O ICE Detention & Removal
San Diego Field Office

A98 950 259

## Decision to Continue Detention

This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has reviewed your custody status and that you will not be released from custody at this time. This decision was based on a review of your file record and/or personal interview and consideration of any information you submitted to ICE reviewing officials.

You are a native and citizen of Algeria. On or about April 29, 2006, you entered the United States without being admitted or paroled. You were ordered removed by the Immigration Judge on March 5, 2007. ICE is currently working with the Embassy of Algeria to obtain a travel document to effect your removal from the United States. The Algerian government regularly issues documents to effect the repatriation of its nationals. There is no indication at this time that a certificate will not be issued for your repatriation. Therefore, you are to remain in ICE custody at this time, as your removal will occur in the reasonably foreseeable future.

Pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA), you are required to make timely and good faith efforts to obtain travel or other documents necessary for your removal from the United States. This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to effect your removal.

You are also advised that any willful failure or refusal on your part to apply in good faith for Travel documents, or any actions or conspiracy on your part with others to obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC § 1253(a).

_____        9/19/07
Signature of HQCDU Director/Designated Representative         Date

3

JS-44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
~~San Diego~~ El Centro Detention Center ~~(CCA)~~
~~P.O. Box 439049~~ 1115 N. Imperial
~~San Ysidro, CA 92143~~
El Centro 92243 Imperial

(b) COUNTY OF RESIDENCE OF FIRST LISTED ~~San Diego~~ Imperial
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
Michael Chertoff, Alberto Gonzales,
Ron Smith, Robert Culley

FILED
2008 JAN 15 PM 3:39
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**'08 CV 0091 WQH NLS**

ATTORNEYS (IF KNOWN)  Robert Plaxico
Assistant United States Attorney
Office of the United States Attorney
880 Front Street, San Diego, CA 92101
619-557-7157

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. section 2241

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 410 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):  JUDGE _____  Docket Number _____

DATE 1-9-08    SIGNATURE OF ATTORNEY OF RECORD _____

# 146473  1/15/08

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

$5.00

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 146473      - SR

January 15, 2008
15:38:16

**Habeas Corpus**
USAO #.: 08CV0091 HABEAS
Judge..: WILLIAM Q HAYES
Amount.:                    $5.00 MO
Check#.: 773929309

Total-> $5.00

FROM: EL CENTRO DET. CENTER V.
      CHERTOFF, ET AL
      HABEAS CORPUS