ACHOUR BOUGUERNE
A98-950-259
ICE Detention Center
1115 N. Imperial Ave.
El Centro, CA 92243

FILED
2008 JAN 15 PM 3:38
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ACHOUR BOUGUERNE,
[A98-950-259]
          Petitioner,

v.

MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, ROBERT G. RILLAMAS, OFFICER-IN-CHARGE,

          Respondents.

Civil Action No.

**'08 CV 0091 WQH NLS**

STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION

**I.**

**STATEMENT OF FACTS**

The petitioner has been ordered removed from the United States. However, because he cannot be removed to his country of origin, he is being held by respondents, based upon their misconstrual of their statutory authority to detain non-removable aliens indefinitely under 8 U.S.C. § 1231(a)(6).

The petitioner is an Algerian national. He has been ordered removed by the respondents under 8 U.S.C. § 1182(a)(6)(A)(i) for entering the United States without permission. However, respondents have been unsuccessful for **ten months** in obtaining travel documents allowing petitioner to be returned to Algeria. Since petitioner cannot be removed to his destination country or any other alternate country, he is being held

by the respondents based upon a misconstrual of their statutory authority to detain indefinitely non-removable aliens under 8 U.S.C. § 1231(a)(6) and in violation of the Supreme Court's holding in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

The petitioner was born in Algeria on June 24, 1963. He came to the United States in 1995, when he was 32 years old. He came to this country after living two years in France and two years in Canada.

The petitioner was taken into custody on May 4, 2006, attempting to enter the United States from Mexico. He was detained by ICE authorities and held in custody **over ten months without appearing before an immigration judge**. He was eventually ordered removed to Algeria on March 5, 2007. Petitioner waived appeal. His order of removal therefore became final as of that date. See 8 C.F.R. § 1241.1(b) (removal order final if alien waives appeal).

Petitioner has been in the continuous custody of U.S. Immigration and Customs Enforcement ("ICE") **for over 19 months.** ICE conducted a Post-Order Custody review and decided on **June 14, 2007,** to continue detention, claiming petitioner was a flight risk. A subsequent review by the Headquarters Post-Order Custody Unit denied release on **September 19, 2007,** alleging that ICE was "currently working with the Embassy of Algeria to obtain travel documents" and that Algeria "regularly" allows repatriation. However, despite the respondents' conclusory assertions, ICE has been unable to obtain documents for over **ten months**, in excess of the period deemed presumptively reasonable for removal by the Supreme Court in <u>Zadvydas</u>.

The petitioner has approximately **$1,400** in his account at the San Ysidro Detention Center. See <u>Prison Certificate</u>, Form CIV-67, attached to Motion to Proceed *In Forma Pauperis*. However, as he is in custody, he does not have a source of income or employment. As a result, he cannot afford to retain counsel.

Additionally, petitioner has had no formal education and training in the United States, legal or otherwise. See Declaration of James Fife in Support of the Petitioner's Motion, ¶¶ 15-16. Petitioner is native speaker of Arabic and has French as a second language, but his English proficiency is quite limited. See <u>id.</u>

¶ 13. Accordingly, the petitioner requests that this Court appoint the Federal Defenders of San Diego, Inc., to represent him in the instant habeas action. That office stands ready and able to assist the petitioner in this petition. See id. ¶¶ 3-6.

## II.

## ARGUMENT

### THIS COURT SHOULD APPOINT COUNSEL FOR THE PETITIONER.

Habeas corpus proceedings "are of 'fundamental importance...in our constitutional scheme because they directly protect our most valued rights.'" Brown v. Vasquez, 952 F.2d 1164, 1169 (9th Cir. 1991) (quoting Bounds v. Smith, 430 U.S. 817, 827 (1977)) (citations and internal quotations omitted). Consequently, federal law permits a district court to appoint counsel in a habeas proceeding under 28 U.S.C. § 2241 when the "interests of justice so require," if a petitioner has shown that he is unable to afford an attorney. 18 U.S.C. §3006A(a)(2)(B). To make this decision, this Court must "evaluate [1] the likelihood of success on the merits as well as [2] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); accord Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

As is indicated below, the petitioner is highly likely to succeed on the merits of his claim, but will be unable to effectively articulate his claims through a pro se action, in light of his limited educational background and English proficiency. See Declaration of James Fife, ¶¶ 13, 15-16. The petitioner cannot otherwise afford to retain counsel for the litigation of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Thus, the appointment of counsel is appropriate.[2]

---

[2] In identical habeas proceedings, the judges of this Court have recently and regularly granted motions for appointment, assigning Federal Defenders of San Diego, Inc. as counsel of record for a similarly-situated petitioner. See, e.g., Liu v. Chertoff, Case No. 07CV1654-JAH (BLM) (S.D.Cal. Aug. 24, 2007); Rutanhira v. Chertoff, Case No. 06CV0867-IEG (WMc) (S.D.Cal. May 23, 2007); Anestor v. Chertoff, Case No. 06CV2170-BEN (JMA) (S.D.Cal. Apr. 24, 2007); Mikeal v. Chertoff, Case No. 07CV0557-W (BLM) (S.D.Cal. Apr. 18, 2007); Gansah

A. **The Petitioner is Highly Likely to Succeed on the Merits of his Claim.**

In Zadvydas, the Supreme Court held that 8 U.S.C. § 1231(a)(6) authorizes only a period of detention that is reasonably necessary to bring about an alien's removal from the United States, and "does not permit indefinite detention." Zadvydas, 533 U.S. at 689. If a deportable alien has not been released from immigration custody within a six-month period after the issuance of a final order of removal or deportation, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." Id. at 701; see also Ma v. Ashcroft, 257 F.3d 1095, 1102 n.5 (9th Cir. 2002) (declaring that "in Zadvydas, the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of six months after a final order of removal -- that is, three months after the statutory removal period has ended") (citations omitted). If a deportable alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Federal officials **must** release a deportable alien from custody under appropriate conditions of supervision when no "significant likelihood of removal [exists] in the reasonably foreseeable future." Id. at 699-700; see also Ma, 257 F.3d at 1100 (concluding that federal law mandates release of the alien under 8 U.S.C. § 1231(a)(3) when the alien "has already entered the United States and there is no reasonable likelihood that a foreign government will accept the alien's return in the reasonably foreseeable future").

Petitioner has been in the continuous custody of U.S. Immigration and Customs Enforcement ("ICE") since **May 4, 2006**. ICE conducted a Post-Order Custody review and decided on **June 4, 2007**, to continue detention, claiming petitioner was a flight risk. A subsequent review by the Headquarters Post-Order Custody Unit denied release on **September 19, 2007**, alleging that travel documents to Algeria were imminent. However, despite nine months of efforts, ICE has not obtained documents allowing petitioner's repatriation.

_____

v. Chertoff, Case No. 06CV0430-BTM (CAB) (S.D.Cal. May 30, 2006).

The petitioner's detention violates due process and §1231(a)(6), because there is no significant likelihood that the petitioner can be removed in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 700; see also Ma, 257 F.3d at 1112 (holding that section 1231 mandates the release of deportable aliens "at the end of the presumptively reasonable detention period" when "there is no repatriation agreement and no demonstration of a reasonable likelihood that one will be entered into in the near future"). This circumstance, in conjunction with the following elements, suggests the need for the appointment of counsel.

**B.    The Petitioner Cannot Adequately Articulate His Claims in the Absence of Counsel, in Light of the Complexity of the Legal Issues Involved in His Petition for Habeas Relief.**

To weigh the petitioner's ability to articulate his claims in the absence of counsel, a court must measure "the [petitioner]'s ability to articulate his claims against the relative complexity of the matter." Rand, 113 F.3d at 1525. In addition, counsel may be appointed during federal habeas proceedings if the appointment of an attorney is "necessary for the effective utilization of discovery procedures,...[or] if an evidentiary hearing is required." Weygandt, 718 F.2d at 954 (other internal citations omitted).[3]

As is indicated above, the instant case involves complex legal issues grounded in constitutional law, statutory interpretation, principles of jurisdiction, and administrative procedure. While the Supreme Court's opinion in Zadvydas has clarified many legal issues, several legal issues remain unresolved, including the determination of acceptable conditions of supervision or release. Moreover, the fact that respondents have not demonstrated full compliance with the Zadvydas mandate, as of the date of this motion, indicates that this litigation still remains necessary. See Declaration of James Fife, ¶¶ 9-12.

Since petitioner is in the custody of federal immigration officials, moreover, an analysis of immigration law is required. The Ninth Circuit has declared that "'[w]ith only a small degree of hyperbole,

---

[3] The Federal Defenders of San Diego, Inc. drafted the instant pleading, as well as the petition for a writ of habeas corpus. Thus, this Court cannot conclude, based upon these pleadings, that the petitioner has a firm grasp of the legal and factual issues involved in federal habeas proceedings.

the immigration laws have been deemed second only to the Internal Revenue Code in complexity.'" United States v. Ahumada-Aguilar, 295 F.3d 943, 950 (9th Cir. 2002) (citations and internal quotations omitted). In most cases involving an immigration law, "[a] lawyer is often the only person who could thread the labyrinth.'" Id. The absence of counsel during immigration proceedings will be prejudicial when an attorney could have assisted a litigant in seeking relief under applicable immigration laws, statutes, and cases. Id. at 951-52 (prohibiting the use of a deportation order during a subsequent prosecution for illegal re-entry because the absence of counsel affected the alien's ability to ascertain his eligibility for a waiver of deportation, the viability of a claim of United States citizenship, and his ability to obtain "special permission" to return to the United States after his deportation).

The petitioner's lack of expertise in legal issues warrants the appointment of counsel. The petitioner arrived in the United States when he was 32 years old. He graduated from high school in Algeria in 1976, but has not obtained any higher education in this country. See Declaration of James Fife, ¶¶ 15-16. He has worked as a cashier and a baker, but has no training in legal matters. The absence of any formal legal background or training poses an obstacle to the petitioner's understanding of the issues involved in the instant proceedings, and warrants the appointment of counsel to help him obtain the relief requested in his habeas petition. See Declaration of James Fife, ¶ 16. His native language is Arabic, with French as a second language, but he has limited ability in English. See Declaration of James Fife, ¶ 13.

Additionally, the appointment of counsel may be appropriate during federal habeas proceedings if it is "necessary for the effective utilization of discovery procedures,...[or] if an evidentiary hearing is required." Weygandt, 718 F.2d at 954. The respondents have information and documents relevant to the petitioner's habeas petition, including information relating to his criminal history, if any, his bail or parole history, his institutional history, the content of communications between federal immigration officials and the embassy of the petitioner's native country and of alternative destinations, and other documents relating to his

detention by the Bureau of Immigration and Customs Enforcement.

The petitioner cannot effectively pursue and obtain discovery from respondents that he will need to adequately present his claims without the assistance of counsel, in light of his limited education and lack of familiarity with the legal procedures involved in requesting and obtaining discovery. Moreover, the petitioner cannot adequately review and evaluate his alien registration file (hereinafter "A-file") or evaluate relevant discovery regarding the likelihood of his removal from the United States without the aid of counsel. The need for discovery, too, suggests the need for the appointment of the Federal Defenders in the instant matter.

**C.     The Potential Need for an Evidentiary Hearing Warrants the Appointment of Counsel.**

The Government must proffer evidence "sufficient to rebut [the] showing by a deportable alien that "good reason [exists] to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Since the Government is required to present evidence to rebut the petitioner's contention that his removal to Algeria is not likely in the reasonably foreseeable future, an evidentiary hearing may be necessary to litigate disputed issues of fact. See Lawson v. Borg, 60 F.3d 608, 611 (9th Cir. 1995) (requiring an evidentiary hearing to litigate contested issues of fact during federal habeas proceedings); see also Weygandt, 718 F.2d at 954 (noting that the appointment of counsel may be appropriate during federal habeas proceedings "if an evidentiary hearing is required"). The petitioner lacks a sufficient legal background to advocate for himself during a contested motion hearing. See Declaration of James Fife, ¶¶ 15-16. The appointment of counsel is necessary to ensure that the petitioner's rights are adequately protected in contested habeas proceedings.

**D.     The Prison Litigation Reform Act, 28 U.S.C. § 1915, Does Not Require the Petitioner to Pay Filing Fees to Proceed with His Request for Federal Habeas Relief.**

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, ordinarily requires a prisoner who "brings a civil action or files an appeal in forma pauperis" to "pay the full amount of a filing fee" and to cover subsequent court fees incurred during the litigation of the inmate's claim. 28 U.S.C. § 1915(b). In Naddi v.

Hill, however, the Ninth Circuit concluded that "[a] review of the language and intent of the PLRA reveals that Congress was focused on prisoner civil rights and conditions cases, and did not intend to include habeas proceedings in the scope of the Act." 106 F.3d 275, 277 (9th Cir. 1997). Consequently, the Ninth Circuit declined to apply the *in forma pauperis* provisions of the PLRA to habeas petitioners, and to thereby require habeas petitioners to pay full filing fees and court costs.

The petitioner in the instant case is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with the instant motion. Since the petitioner is not filing another civil action for relief from the conditions of confinement, such as a civil suit under 42 U.S.C. § 1983, he is not required to pay the full amount and filing fees and court costs to pursue habeas relief. Therefore, this Court cannot dismiss his petition for relief, or otherwise penalize the petitioner, for his failure to pay the full amount of filing fees specified in 28 U.S.C. § 1915.

## CONCLUSION

For the foregoing reasons, the petitioner respectfully requests that this Court grant the motion for appointment of counsel in this habeas corpus action.

Respectfully submitted,

Dated: 1-9-08

_____
**ACHOUR BOUGUERNE**
Petitioner