# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANCHOUR BOUGUERNE, | CASE NO. 08cv91 WQH (NLS) |
| Petitioner, | **ORDER** |
| vs. | |
| MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ROBERT G. RILLAMAS, OFFICER-IN-CHARGE, | |
| Respondents. | |

HAYES, Judge:

The matters before the Court are Petitioner Anchour Bouguerne's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (Doc. # 1), and the Motion for Appointment of Counsel, pursuant to 18 U.S.C. § 3006A (Doc. # 3).

## **Background**

Petitioner is an Algerian national. Petitioner is in the custody of the Department of Homeland Security (DHS) and has been ordered removed under 8 U.S.C. §1182(a)(6)(A)(i) for entering the United States without permission. The Petition for Writ of Habeas Corpus alleges that Petitioner's continued and indefinite detention pursuant to 8 U.S.C. § 1231 is unlawful because Petitioner has been detained beyond the presumptively reasonable period

of six months and there is no significant likelihood of his removal in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

### Order to Show Cause

Having reviewed Petitioner's claims, the Court finds that summary dismissal of the Petition is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false."). Accordingly, Respondents are **ORDERED TO SHOW CAUSE** why the Petition should not be granted by:

(1) filing a written return no later than **Monday, May 12, 2008**;

(2) filing copies of all documents, orders and transcripts relevant to the Petition; and

(3) filing a memorandum of law and fact fully stating Respondents' position and making a recommendation regarding the need for an evidentiary hearing on the Petition.

If Petitioner wishes to reply to the return, he may do so by way of a traverse filed no later than **Monday, June 9, 2008.**

### Motion to Appoint Counsel

18 U.S.C. § 3006A(a)(2)(B) provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241 . . . ." "The purpose of section 3006A is to provide for appointed counsel whenever required if failure to do so amounts to a denial of due process." *Gray v. Kernan*, No. C-92-3379-DLJ, 1993 U.S. Dist. LEXIS 2113, *10-12 (N.D. Cal. Feb. 16, 1993); *citing Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Unless an evidentiary hearing is required, appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in the discretion of the district court. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990). In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Gutierrez v. Flannican*, No. CIV 05-

2981 PHX DGC (DKD), 2005 U.S. Dist. LEXIS 31984, *1-2 (D. Ariz. Dec. 7, 2005); *citing Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner has clearly presented the facts and law in his Petition for Writ of Habeas Corpus. After reviewing Petitioner's Motion for Appointment of Counsel in light of his Petition for Writ of Habeas Corpus, the Court concludes that the failure to appoint counsel at this stage of the proceedings would not amount to a denial of due process.

### Conclusion

IT IS HEREBY ORDERED that Respondents are **ORDERED TO SHOW CAUSE** why Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1) should not be granted, and shall respond to this Order as outlined above.

IT IS FURTHER ORDERED that the Motion for Appointment of Counsel (Doc. # 3) is **DENIED without prejudice.**

DATED: April 17, 2008

*(signature)*
**WILLIAM Q. HAYES**
United States District Judge