KAREN P. HEWITT
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California State Bar No. 094918
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Email: Samuel.Bettwy@usdoj.gov
Telephone: (619) 557-7119

Attorneys for the Respondents

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACHOUR BOUGUERNE,<br><br>  Petitioner,<br><br>  v.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security; et al.,<br><br>  Respondents. | Case No. 08cv0091-WQH (NLS)<br>A98 950 259<br><br>RETURN TO PETITION<br>FOR WRIT OF HABEAS CORPUS |

I

INTRODUCTION

Since June 18, 2007, the Custody Determination Unit of Headquarters ("HQCDU"), Immigration and Customs Enforcement ("ICE") has had jurisdiction over efforts to obtain travel documents from the Algerian consulate to effect the repatriation of Petitioner Bouguerne. On May 9, 2008, the undersigned was informed by ICE attorney Alice Miller of the ICE Principal Advisor's Office in Washington, D.C., that the decision had been made to release Petitioner Bouguerne on an Order of Supervision. Upon Bouguerne's release, the undersigned will lodge a copy of the Order of Supervision with the Court and, at that time, request dismissal for mootness.

///

///

## II

## STATEMENT OF FACTS

Petitioner Bouguerne is a native and citizen of Algeria. [Ex. 20.][1] In 1991, he left Algeria and flew to Canada, where he applied for, and was denied, asylum. [Exs. 1-19.] He was ordered to depart Canada, but he remained until sometime in 1994 when he entered the United States without inspection. [Exs. 20-21.] He worked for several years in San Francisco until April 2006 when he took a trip to Tijuana. [Ex. 22.] On April 29, 2006, he was apprehended by U.S. Border Patrol shortly after climbing over the U.S.-Mexico boundary fence into the United States approximately two miles west of San Yisdro, California. [Ex. 21.]

On April 30, 2006, he was placed in removal proceedings and charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) (arrived at a place other than a port of entry). [Exs. 24-29.] Bouguerne retained counsel on May 10, 2006. [Exs. 31-34.] After several continuances to accommodate Bouguerne [Exs. 35-36, 38-39, 41-47], the evidentiary hearing was convened on March 5, 2007. [Ex. 48.] On that date, the IJ denied all forms of relief and ordered Bouguerne removed from the United States to Algeria, and Bouguerne did not appeal from the decision. [Exs. 48-48.]

On that same date, March 5, 2007, the ICE detention facility at El Centro requested a travel document from the Algerian consulate. [Ex. 56.] On May 30, 2007, the Algerian consulate interviewed Bouguerne and informed ICE officials that a travel document would issue upon Bouguerne's production of a birth certificate or Algerian National Document. [Exs. 58, 61.] On June 1, 2007, ICE conducted a 90-day custody review and determined that custody should be continued. [Exs. 50-62.] Mr. Bouguerne did not produce the documentation required by the consulate, so on June 18, 2007, the El Centro ICE detention facility referred the matter to HQCDU for assistance. [Exs. 60-63.]

---

[1]  "Ex." refers to the accompanying true copy of documents contained in Bouguerne's ICE administrative "A-File," No. A98 950 259.

On September 19, 2007, HQCDU conducted a 180-day custody review and determined that detention should continue because the Algerian government regularly issues documents to effect the repatriation of its nationals and there was no indication that the Algerian consulate would not issue travel documents for the repatriation of Bouguerne. [Exs. 65-66.]

On January 15, 2008, Bouguerne commenced these habeas proceedings.

On May 9, 2008, ICE attorney Alice Miller of the ICE Principal Advisor's Office in Washington, D.C., informed the undersigned that the decision had been made to release Petitioner Bouguerne on an Order of Supervision. [Declaration of Samuel W. Bettwy.]

III

CONCLUSION

Upon Bouguerne's release, the undersigned will lodge a copy of the Order of Supervision with the Court and will request dismissal of this case for mootness. Accordingly, it is suggested that the Court schedule a status conference at the soonest available time and date after the traverse is due in this case.

Dated: May 12, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ *Samuel W. Bettwy*

SAMUEL W. BETTWY
Assistant U.S. Attorney